TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00309-CV







Arturo N. Benavides, Jr. and Anna Benavides Galo, as Attorneys in Fact for Arturo N.
Benavides, Sr./Guillermo Ochoa Cronfel, Appellants


v.



Guillermo Ochoa Cronfel/Arturo N. Benavides, Jr. and Anna Benavides Galo, as 

Attorneys in Fact for Arturo Benavides, Sr., Appellees





FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT


NO. GN200340, HONORABLE DARLENE BYRNE, JUDGE PRESIDING 






 Appellants/cross-appellees Arturo N. Benavides, Jr. and Anna Benavides Galo have
notified this Court that the parties have settled and compromised all matters pending in this appeal
and cross-appeal. In order to effectuate their settlement agreement, the Benavides appellants have
filed a motion to reverse the trial court judgment and render judgment vacating the trial court's
sanction orders of December 6, 2000 and October 31, 2001. (1) Appellee/cross-appellant Guillermo
Ochoa Cronfel does not oppose this motion. Accordingly, we grant the motion. We reverse the trial
court's sanction orders of December 6, 2000 and October 31, 2001 and render judgment vacating
those orders. See Tex. R. App. P. 42.1(a)(1) (court may dispose of an appeal in accordance with
agreement of parties).



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Reversed and Rendered

Filed: August 30, 2002

Do Not Publish
1. The Benavides appellants non-suited their claims against Guillermo Ochoa Cronfel, one of
multiple defendants in the underlying tort action. By severance order of January 25, 2001, the trial
court severed all claims by the Benavides litigants against Cronfel, making the sanctions orders
appealable as Cronfel is no longer a defendant in the underlying tort action and the claims against
him have been non-suited. See Randolph v. Walker, 29 S.W.3d 271, 282 n.1 (Tex. App.--Houston
[14th Dist.] 2000, pet. denied) (sanctions order appealable after severance).